CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

April 18, 2024
LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
     DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DANIEL A. HENRY,** | ) |
| Plaintiff, | ) Case No. 7:24CV00145 |
| v. | ) **OPINION AND ORDER** |
| **TREANDRE D. PAIGE, ET AL.,** | ) JUDGE JAMES P. JONES |
| Defendants. | ) |

*Daniel A. Henry, Pro Se Plaintiff.*

The plaintiff, Daniel A. Henry, a Virginia jail inmate proceeding pro se, filed this action under 42 U.S.C. § 1983, alleging that his prison cell mate beat him up. After review of his submissions, I conclude that Henry's case must be summarily dismissed.

Henry's allegations are sparce. His Complaint, docketed on February 23, 2024, alleges: "I was on my medication for my mental Health and for my seizure and my old cell[ ]mate was drunk and beat the hell out of me with his fist on my face and head." Compl. 2, ECF No. 1. As defendants, Henry names: "Treandre D. Paige 1674430, VADOC" [Virginia Department of Corrections], Wallens Ridge State Prison (WRSP), Lennoy Sullivan, and Hasson Jenkins. In the section of the form asking for the relief that Henry seeks in this civil action, he states: "I want money in

the amount of $3.3 million and me and my witness records me clean and get time served. All of my witness and mine records be clean. And get time served and be release from prison." *Id.* at 3.

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is *plausible* on its face." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (citation omitted). To satisfy this requirement, a plaintiff must state specific facts about what each defendant did, personally, that violated the plaintiff's constitutional rights.

Henry fails to state any action undertaken by three of the defendants he names, Paige, Sullivan, and Jenkins. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Lewis-Bey v. Wilson*, No. 3:17CV763, 2019 WL 4889261, at *3 (E.D. Va. Oct. 3, 2019) (citation omitted). Thus, I will dismiss the case as to these defendants.

Henry has also named the VDOC and WRSP as defendants in this case. It is well settled that a state cannot be sued under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Because these entities are properly considered as

arms of the Commonwealth of Virginia, they cannot be sued under § 1983. I will, therefore, summarily dismiss all claims against them.

Henry may have intended to sue his inmate attacker, as he lists a seven-digit inmate number beside one defendant's name. This venture fails under § 1983, which authorizes lawsuits only against persons who violate the plaintiff's constitutional rights while acting under color of state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Henry's allegations state no actionable § 1983 claim against any of his defendants. He does not state facts showing that any of them was employed by the state, acted with the assistance of any state official, or otherwise engaged in conduct attributable to the state in any way.

For the reasons stated, I will summarily dismiss this action, pursuant to 42 U.S.C. § 1997e(c)(1), for failure to state a claim.

A separate Final Order will be entered herewith.

        DATED: April 18, 2024

        /s/ JAMES P. JONES
        Senior United States District Judge